THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JAMES M. ANDERSON, SR.,** | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 5:06-cv-97 |
| vs. | : | |
| | : | |
| **TLC DEVELOPMENT GROUP,** | : | |
| **INC., a Georgia Corporation,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

### ORDER ON DEFENDANT'S MOTION TO ABSTAIN

This case begins with a controversy between a property owner and a land developer engaged in the construction of a residential subdivision on an adjacent piece of property. Plaintiff James M. Anderson, Sr. ("Anderson") claims that runoff from the development activities of Defendant TLC Development Group, Inc. ("TLC") has muddied his once clear stream and lake. Anderson's Complaint alleges that the pollution is the result of unlawful practices by TLC and states claims for violations of the Federal Water Pollution Control Act of 1972 ("Clean Water Act"), 33 U.S.C. § 1365(a)(1), as well as several claims based on state law, including nuisance, trespass, and violation of riparian rights.

TLC moves the Court to abstain from further proceedings in the case, under the doctrine of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).[1] TLC argues

---

[1] In its initial brief in support of the motion to abstain, TLC relied upon the traditional doctrine of abstention and cited only four cases. After Anderson demonstrated the inapplicability of these cases in his response brief, TLC shifted course to rely on the *Colorado River* doctrine in its reply brief. Because the reply brief raises arguments that were not presented in the original motion, Plaintiff's Motion for Leave to File Surreply (Doc. 12) is **GRANTED**.

1

that this case presents such exceptional circumstances that principles of wise judicial administration require the Court to abstain from hearing it due to the presence of a concurrent action in the Superior Court of Lamar County. Upon review of the arguments of counsel, the record of the case, and the relevant legal authorities, the Court finds that abstention is not warranted. TLC's Motion to Abstain (Doc. 5) is therefore **DENIED**.

**I.     Background**

On November 3, 2005, TLC filed an action in the Superior Court of Lamar County, Georgia, alleging tortious interference with contractual and business relations. TLC's state court complaint claims that Anderson's wife notified an interested purchaser that Plaintiff had retained an attorney specializing in environmental law and was contemplating litigation against TLC. The state court complaint further avers that this threat of litigation impeded TLC from being able to market and sell the property. In addition to the claim for tortious interference with contract, TLC's state court complaint requests a declaratory judgment, stating that TLC complied with all relevant regulations during the development of the property and that Anderson's property was in no way harmed by TLC's development. In his answer to TLC's complaint, Anderson stated counterclaims based on several of the state law theories that he now puts before this Court.

Shortly after TLC filed its lawsuit, Anderson initiated his own legal proceedings against TLC. On December 12, 2005, Anderson provided TLC with official notice of his intent to bring a citizen suit under the provisions of the Clean Water Act. On March 28, 2006, Anderson filed the present suit seeking injunctive relief, civil penalties, and damages. Once he had perfected service of process of his federal action, Anderson voluntarily dismissed his counterclaims in TLC's state court proceeding, leaving only a claim for abusive litigation.

**II.     Abstention Doctrines**

The traditional doctrines of abstention upon which TLC relies are not applicable to the circumstances of this case, as TLC all but concedes in its rely brief. Any inquiry into matters of abstention should be prefaced with two important statements. First, abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River*, 424 U.S. at 813 (quoting *Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188-189 (1959)). This duty is "virtually unflagging." *Id.* at 817. Second, because of this duty, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id*. Thus, there must be something more than simply a concurrent action in state court in order to justify the yielding of jurisdiction.

Prior to the Supreme Court's decision in *Colorado River*, the doctrines of abstention had been limited to three categories. *Id.* at 814. The first doctrine, as illustrated in *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941), is relevant when the outcome of a state case may make a constitutional issue raised in the federal forum moot. In such situations, out of a reluctance to rule on constitutional issues that may soon be moot, courts abstain from jurisdiction until the outcome of the state court case is known. *Pullman* abstention is not applicable to this case because there are no constitutional issues brought before this Court, much less any that could be mooted by the outcome in the state court.

The second category, known as *Burford* abstention, is applicable when federal litigation would cause needless interference with a state administrative process. *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185 (1959) (citing *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)). In the case at bar, there is no state administrative process that will be impeded by the presence of federal

litigation. Similarly, federal district courts should abstain from cases dealing with complicated questions of state law that bear on public policy concerns of great importance to the state. *Colorado River*, 424 U.S. at 814. The state issues brought by Anderson are not overly complicated and they rest on fairly well-settled law.

The final type of abstention applies when "absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings, state nuisance proceedings antecedent to a criminal prosecution . . . or collection of state taxes . . . ." *Id.* at 816 (citations omitted). Neither tax collection nor criminal proceedings are present in this case. Thus, Anderson's complaint should not be dismissed based on any of the traditional doctrines of abstention.

### III.    *Colorado River* Abstention

In its reply brief, TLC shifts from the traditional doctrines of abstention to argue for abstention under the doctrine announced in *Colorado River*.[2] This doctrine gives federal district courts discretion to abstain from exercising otherwise proper jurisdiction in cases where there is a concurrent state action. *Colorado River*, 424 U.S. at 818. Such abstention is based on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817. The normal grounds for abstention are already very narrow, yet the circumstances that justify abstention under *Colorado River* are "considerably more limited" and "exceptional." *Id.* In most cases, district courts have "a virtually unflagging obligation . . . to exercise the jurisdiction given them," and "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having

---

[2]The opinion in *Colorado River* considers this something different than abstention. *But see* 17A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4247 (2006).

jurisdiction." *Id.* The Eleventh Circuit has cautioned that "*Colorado River* abstention is permissible in fewer circumstances than are the other abstention doctrines, which themselves carve out only slender exceptions to the robust duty to exercise jurisdiction." *Ambrosia Coal & Constr. Co. v. Morales*, 368 F.3d 1320, 1331 (11th Cir. 2004).

As a threshold matter, the Court assumes without deciding that this action is sufficiently parallel to TLC's state action to warrant consideration under the *Colorado River* doctrine. The Eleventh Circuit has held that cases are parallel when the "federal and state proceedings involve substantially the same parties and substantially the same issues." *Ambrosia Coal*, 368 F.3d at 1330. Thus, while the issues need not be identical, it is essential that they be substantially the same or else *Colorado River* will not apply.

The similarities between this case and TLC's state case are limited. Both cases involve the same parties, but the central issues in the two cases are different. In the state case, TLC primarily alleges tort claims for interference with contractual relations arising from alleged contacts between Anderson's wife and a potential buyer of a lot in TLC's development.[3] This case involves allegations of violations of the Clean Water Act and state law claims related to the alleged pollution of a stream flowing through both parties' property. However, Count III of TLC's state court complaint seeks a declaratory judgment that TLC followed all relevant procedures and regulations and in no way adversely affected Anderson's land. This declaratory judgment claim touches on many of the same disputes that are raised in this case.

---

[3] The elements of tortious interference with contractual or business relations are: (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of a contractual obligation or caused a party or a third party to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage. *Cont'l Mar. Servs., Inc. v. Mar. Bureau, Inc.*, 621 S.E.2d 775 (2005).

To the extent that state and federal cases involve substantial similarities, the circumstances of the two cases do not permit the Court to decline to exercise jurisdiction. The Eleventh Circuit in analyzing *Colorado River* has enunciated six factors to be weighed in determining whether the circumstances warrant abstention: (1) whether one of the courts has assumed jurisdiction over property at issue; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights. *Id.* The Court also considers whether the vexatious or reactive nature of the federal or state action weighs in favor of deference to the state court. *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 17 n.20 (1981)).

Consideration of these factors leads to the conclusion that principles of wise judicial administration counsel the Court's exercise of its jurisdiction over this case. The fifth is the most significant of the six factors in this case, in that Anderson's claim is based primarily on a federal statute. Anderson brings this action pursuant to the citizen suit provision of the Clean Water Act, 33 U.S.C. § 1365. The Clean Water Act is a complex statute that "established a comprehensive program 'to restore and maintain the chemical, physical, and biological integrity of the Nation's waters.'" *City of Sarasota v. E.P.A.*, 813 F.2d 1106, 1108 n. 2 (11th Cir. 1987) (quoting 33 U.S.C. § 1251(a)). The statute grants jurisdiction to federal district courts "without regard to the amount in controversy or the citizenship of the parties." 33 U.S.C. § 1365(a). TLC argues that the presence of state law claims should move this Court to dismiss. In response to such arguments, the Supreme Court has said "[a]lthough in some rare circumstances the presence of state-law issues may weigh

in favor of that surrender [of jurisdiction] . . . the presence of federal-law issues must always be a major consideration weighing against surrender." *Moses H. Cone*, 460 U.S. at 26.

A second significant factor is the vexatious and reactive nature of TLC's state action. TLC's declaratory judgment action appears from this Court's perspective to have been a tactical maneuver to preempt Anderson's ability to file his claims in federal court. Anderson had retained an attorney and initiated the preparation of his claims. TLC was aware of Anderson's plans, as is apparent in the very nature of TLC's action. The state court suit was filed as a response to the alleged disclosure of the planned litigation by Anderson's wife. The substance of this action is that Anderson was injured by TLC's development activities in violation of the Clean Water Act. The substance of TLC's state court action is that TLC was injured by Anderson's intent to file suit to address these alleged violations.

None of the other factors outlined in *Ambrosia Coal* justifies abstention. As to the first factor, this case does not involve an *in rem* action over property. As to the second, the federal forum is not inconvenient for either party, as both parties reside in the Macon Division of the Middle District of Georgia and all events at issue in the case have taken place within the Macon Division. As to the third, there is no threat of piecemeal litigation. Although TLC's state law action was the first filed by nearly five months, as to the fourth factor, any concern about the earlier filing of the state action is outweighed by the predominance of federal law in this case and the reactive nature of the state case. The sixth factor is essentially neutral, as there is no reason to believe that this Court is any less adequate than the Superior Court of Lamar County to protect the parties' rights.

This case is properly before the Court based on jurisdiction conferred upon it by Congress. TLC has failed to demonstrate that there are adequate circumstances to merit any abstention from the exercise of that jurisdiction. Accordingly, the Motion to Abstain is **DENIED.**

SO ORDERED, this the 18th day of August, 2006.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE

JRD/chw